[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12488

Non-Argument Calendar

_____

STACY BURKE,

Plaintiff-Appellant,

*versus*

UNITED STATES POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:20-cv-00274-TKW-MJF

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Stacy Burke appeals the district court's grant of summary judgment to the United States Postal Service (Postal Service) on her claims alleging gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* After review,[1] we affirm the district court.

## I. EXHAUSTION OF REMEDIES

Burke asserts the district court erred in barring some of her claims for failure to exhaust her administrative remedies, as her claims grew out of her Equal Employment Opportunity (EEO) complaint. She argues she was subjected to discipline from the time Lenard Hirsch was assigned as acting manager until her termination in 2020 because of her gender and past EEO activity. Burke contends these claims were clearly and fully set forth throughout her actions, and the continuing violations doctrine applies because she indicated the treatment has been constant and ongoing up to the date she filed her EEO complaint in February 2020.

---

[1] We review *de novo* a district court's grant of summary judgment, "viewing all the evidence, and drawing all reasonable factual inferences, in favor of the nonmoving party." *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020) (quotation marks omitted).

"Before bringing a Title VII action in court, a federal employee must first seek relief from the agency where the alleged discrimination occurred." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012). "[A]n aggrieved employee must initiate contact with an EEO Counselor within 45 days of the date of the matter alleged to be discriminatory." *Id.* (quotation marks and alterations omitted). "Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred." *Id.* (quotation marks and alterations omitted).

We have held in a Title VII racial discrimination and retaliation case that "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). The proper inquiry is whether the plaintiff's "complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Id.* We have allowed claims "if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." *Id.* at 1279-80 (quotation marks omitted).

Even assuming the continuing violations doctrine[2] could be used in this context, Burke makes only vague statements of alleged

---

[2] In the hostile-work-environment context, the U.S. Supreme Court has recognized a distinction between discrete discriminatory acts that alone can constitute a cause of action and a pattern or practice of harassment that creates a hostile work environment. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-16 (2002). These claims rely on "the cumulative effect of individual acts"

discrimination since Hirsch became her acting manager that were "constant and ongoing," but she never points to any specific incident except a reference to "minor incidents" that occurred more than 45 days before the filing of her EEO complaint. Because it is unclear what claims she is talking about, they certainly do not "amplify, clarify, or more clearly focus the allegations" in her EEO complaint. *See Gregory*, 355 F.3d at 1279-80. Because Burke has not shown that any allegations from 45 days before the filing of her EEO complaint grew or would aid in the adjudication of her EEO complaint, the district court did not err in finding that any claim of discrimination or retaliation outside that 45-day window is barred for failure to exhaust. *See Ramirez*, 686 F.3d at 1243. Accordingly, we affirm as to this issue.

## II. GENDER DISCRIMINATION

Burke contends the district court erred in granting summary judgment to the Postal Service as to her gender-discrimination claim, as she established similarly situated male comparators who were treated more favorably and established a convincing mosaic of discrimination.

To establish a *prima facie* case of discrimination under Title VII, a plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to perform the job in question; and

---

over time in contrast to discrete acts, where each "single act of harassment may not be actionable on its own." *Id.*

22-12488                Opinion of the Court                5

(4) her employer treated similarly situated employees outside her class differently. *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019). Under the fourth element, the plaintiff must proffer a comparator employee that is "similarly situated in all material respects" to the plaintiff. *Id.* at 1226. The determination relies on the individuals' "substantive likenesses," and a comparator may be sufficiently similar if he has "engaged in the same basic conduct (or misconduct) as the plaintiff," was subject to the same employment policies as the plaintiff, had the same supervisor, and "share[d] the plaintiff's employment or disciplinary history." *Id.* at 1227-28. "The relevant inquiry is not whether the employees hold the same job titles, but whether the employer subjected them to different employment policies." *Lathem v. Dep't of Child. & Youth Servs.*, 172 F.3d 786, 793 (11th Cir. 1999). Minor differences in job function will not automatically disqualify a would-be comparator. *Lewis*, 918 F.3d at 1227.

Construing the facts in Burke's favor and putting aside any differences in job title or function, none of Burke's alleged comparators are sufficiently similar because none engaged in the same basic misconduct at Burke. *Lewis*, 918 F.3d at 1227-28. First, Burke concedes that Scott Jagoda, Frank Scarfo, Edrick Kirkman, Joseph Brown, and Mark Grilli may have been subject to different rules, which is a factor that does not weigh in her favor. *Id.* Second, although other employees were not investigated for combining lunches and breaks, as Burke argues, she only points to one person, Jagoda, who she alleged falsified an official document. Hirsch's affidavit and Burke's notice of termination indicate her employment

was terminated not just for combining lunches and breaks, but because she also falsified her Form 1260. Therefore, the most persuasive comparator would be Jagoda, to the extent he allegedly combined lunches and breaks and falsified official documents, because that would be similar misconduct to Burke's. However, Burke's only evidence that Jagoda falsified his Form 1260 is her own speculation. She cites no evidence to support this claim. She has, thus, provided no affirmative evidence, not even a scintilla, that a reasonable jury could find Jagoda had falsified his Form 1260, such that he would be a proper comparator. *See Hinson v. Bias*, 927 F.3d 1103, 1115 (11th Cir. 2019) ("When a party properly supports a motion for summary judgment, the nonmoving party must come forward with concrete evidence from which a reasonable juror could return a verdict in h[er] favor." (quotation marks omitted)); *Baxter v. Roberts*, 54 F.4th 1241, 1253 (11th Cir. 2022) ("To defeat summary judgment, a mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." (quotation marks omitted)). Her inferences, based on speculation and mere conjecture, are not reasonable and do not support reversing the district court's grant of summary judgment to the Postal Service. *See Hammett v. Paulding Cnty.*, 875 F.3d 1036, 1049 (11th Cir. 2017) ("Although all reasonable inferences are to be drawn in the favor of the nonmoving party, an inference based on speculation and conjecture is not reasonable." (quotation marks omitted)).

Third, to the extent Burke seeks to rely on comparators who also combined lunches and breaks, Burke admitted she continued

to combine lunches and breaks, even after she was reprimanded. Hirsch stated that although Kirkman and Brown had also been reprimanded, they both stopped combining lunches and breaks, unlike Burke.  No other employee shared the same disciplinary history of being reprimanded, but continuing the same behavior anyway. Thus, the district court did not err in granting the Postal Service's motion for summary judgment on Burke's gender-discrimination claim by finding she did not identify a valid comparator.

The district court also did not err in granting summary judgment as to any potential argument regarding a convincing mosaic of discrimination.  Burke failed to cite to any evidence showing she established a convincing mosaic of gender discrimination.  *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (providing a plaintiff will survive summary judgment if she "presents 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker'").  Accordingly, we also affirm as to this issue.

## III. RETALIATION

Burke asserts the district court erred in granting summary judgment to the Postal Service as to her retaliation claim, as she demonstrated causation between her protected activity and her termination.

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events."

*Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). "The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Id.* (quotation marks omitted).

"The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). "But mere temporal proximity, without more, must be 'very close.'" *Id.* "[I]n the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." *Id.*

The parties dispute whether Hirsch knew of Burke's past EEO activity. Even assuming Hirsch was aware of her past EEO activity, however, there is no evidence that Burke was retaliated against because of that activity. The only evidence she has proffered in support of her claim is the speculation by her and Linda Chase that Hirsch had known about her EEO activity. But even if Hirsch knew, Burke has provided no evidence, not even a mere scintilla, that she was fired because of any alleged knowledge of her EEO activity. *See Baxter*, 54 F.4th at 1253. To the extent she relies on temporal proximity, this Court has ruled that a substantial delay, absent other evidence, means a complaint of retaliation fails as a matter of law, and the several years between her EEO complaint and her termination is a "substantial delay." *See Thomas*, 506 F.3d

at 1364.  Therefore, even construing the causation element broadly and the facts in the light most favorable to her, Burke has failed to show any evidence that her termination was because of her engagement in a protected activity.  *See Pennington*, 261 F.3d at 1266. As the district court did not err in granting summary judgment as to Burke's retaliation claim, we affirm.

**AFFIRMED.**